IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER CAMPBELL, | ) |
| Petitioner, | ) |
| v. | ) No. 3:11-00641 |
| | ) JUDGE HAYNES |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Movant filed this action under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. After a review, the Court ordered the United States to file a response.

Before the Court is the United States' motion to dismiss (Docket Entry No. 5), contending this action is time-barred.

On April 28, 2008, Movant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine under Title 21, U.S.C., Section 846. (United States v. Campbell, Case No. 1:07-cr-00010-2 at Docket Entry No. 33). On August 11, 2008, the Court sentenced Movant to eighty-four months imprisonment. Id. at Docket Entry No. 62. Movant did not file a notice of appeal. The judgment was entered on August 19, 2008. Id. at Docket Entry No. 69. On July 5, 2011, Movant filed this action.

For a motion under 28 U.S.C. § 2255, there is a one year limitation period that runs from the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was

1

prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

Here, Movant was sentenced on August 11, 2008, from which date Movant had ten days to appeal. Movant did not appeal his judgment of conviction that became final on August 21, 2008, the date on which his time to appeal expired. See Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004)("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice was filed. In most cases, that period is ten days, pursuant to Fed. R. App. P. 4(b)(1)"). Thus, the one-year period for filing this Section 2255 action expired on August 21, 2009. See 28 U.S.C. § 2255(f)(1). This action was filed on July 5, 2011, almost two years beyond the applicable limitations period.

To be sure, the limitation period is subject to equitable tolling, but Movant has the burden to prove that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). To obtain such relief, Movant must show "that he has been pursuing his rights diligently" and that an "extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quotations omitted).

Here, Movant's allegations do not assert any lack of actual or constructive notice of Section 2255's filing requirement, nor reasonable ignorance of this requirement for filing this action. By waiting over twenty-two months to file this action, Movant did not exercise due diligence in pursuing his rights. See Brown v. United States, 20 Fed. Appx. 373, 375 (6th Cir.

2001) (ruling that the petitioner's mistaken belief that counsel was pursuing an appeal on his behalf does not qualify as a basis for equitable tolling because the petitioner "failed in his duty to monitor the status of his appeal").

Despite the Government's motion setting forth the equitable tolling doctrine, Movant fails to explain why the one-year statute of limitation does not bar this action. Movant asserts prejudice by the ineffective assistance of his counsel in failing to file a *notice of direct appeal*, but that omission does not impact the filing of this action. Moreover, an ineffective assistance of counsel claim does not establish equitable tolling because Movant did not possess the right to counsel in pursuing a Section 2255 motion. See Brown, 20 Fed. Appx. at 375 (citing Pennsylvania v. Finely, 481 U.S. 551, 555 (1987)). Any prejudice to the Respondent may be considered "only after a factor that might justify tolling is identified." Vroman v. Brigano, 346 F.3d 598, 606 (6th Cir. 2003). Thus, the Court concludes that Movant does not state any basis for equitable tolling.

Accordingly, the United States' motion to dismiss (Docket Entry No. 5) is **GRANTED** and this action is **DISMISSED with prejudice**. The Court declines to issue a Certificate of Appealability.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 8 day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge